# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SHAWN LANGLEY                                                                                         PLAINTIFF

v.                                              NO. 4:17CV00825 JLH

GAMACHE & MYERS, P.C.                                                      DEFENDANT

## OPINION AND ORDER

Shawn Langley defaulted on a debt owed to Barclays Bank Delaware. Barclays hired Gamache & Myers, P.C., to collect the debt. Gamache & Myers obtained a default judgment against Langley and served interrogatories and a writ of garnishment on a coworker of Langley's at the coworker's home address. Langley commenced this action against Gamache & Myers for violating the federal Fair Debt Collection Practices Act and the Arkansas analog. Gamache & Myers has now moved to dismiss the action for lack of subject matter jurisdiction.

Gamache & Myers argues that Langley has no standing to sue under the federal statute because the information served on the coworker was publicly available and, therefore, was not an invasion of Langley's privacy. Gamache & Myers relies on the common law understanding of protected privacy interests, saying that there is no harm here because of "the common-sense conclusion that there can be no legally protected privacy interest in information that is already publicly available." Document #6 19-1 at 6. This argument overlooks the Fair Debt Collection Practices Act and the statutory causes of action it creates that go beyond the common law.

The Act prohibits debt collectors from communicating with third-parties, such as Langley's coworker, unless "reasonably necessary to effectuate a postjudgment judicial remedy." 15 U.S.C. § 1692c(b). The Act "makes any debt collector who fails to comply with any provision of [the Act] with respect to any person . . . liable to such person." *Id.* § 1692k(a). This statute grants Langley

a right—a legally protected interest—in the manner and means that debt collectors deal with him. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). Langley alleges that Gamache & Myers invaded his legally protected interest by sending interrogatories and a writ of garnishment to his coworker. Many courts have found that plaintiffs with statutorily created injuries under the Act similar to Langley's have standing to sue. *See Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4 (E.D. Wis. June 12, 2017) (collecting cases holding that plaintiffs have suffered a concrete injury when Fair Debt Collection Practices Act is violated).

Gamache & Myers argues in the alternative that the information it served on Langley's coworker was reasonably necessary to effectuate a postjudgment judicial remedy. Gamache & Myers also says that it intended service upon Langley's employer and was only mistakenly served on the coworker. Gamache & Myers has submitted an affidavit in support of that argument. That argument goes beyond standing and gets into factual disputes regarding Langley's claim. That argument is not properly raised in a 12(b)(1) motion to dismiss.

Gamache & Myers' motion to dismiss is DENIED. Document #19. Langley's motion for reconsideration is DENIED. Document #28.

IT IS SO ORDERED this 3rd day of May, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE